UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON MESSENGER,

       Petitioner,

                              Case No. 22-11421

v.                                Hon. F. Kay Behm

CHRIS KING,

         Respondent.

_____/

**OPINION AND ORDER DENYING THE HABEAS PETITION, AN
EVIDENTARY HEARING, A CERTIFICATE OF APPEALABILITY,
AND LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

## I.    Introduction

Michigan prisoner Jason Messenger ("Petitioner"), through counsel, has

filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. ' 2254.

Petitioner was convicted of three counts of first-degree criminal sexual conduct

("CSC 1"), Mich. Comp. Laws § 750.520b(2)(b), and five counts of second-degree

criminal sexual conduct ("CSC 2"), Mich. Comp. Laws § 750.520c(2)(b),

following a jury trial in the Macomb County Circuit Court. He was sentenced to

concurrent terms of 25 to 45 years in prison on the CSC 1 convictions and

concurrent terms of 7 to 15 years in prison on the CSC 2 convictions in 2019. In

his petition, he raises claims concerning the effectiveness of trial counsel and

requests an evidentiary hearing, habeas relief, and/or a certificate of appealability.
For the reasons set forth below, the Court denies the habeas petition, the
evidentiary hearing request, a certificate of appealability, and leave to proceed in
forma pauperis on appeal.

## II.     Facts and Procedural History

Petitioner's convictions arise from his sexual abuse of his cousin's two
minor daughters. The Michigan Court of Appeals described the relevant facts,
which are presumed correct on federal habeas review, *see* 28 U.S.C. § 2254(e)(1);
*Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> This case arises out of defendant's sexual abuse of his second cousins:
> AH and LH. C. Harris (Harris) is AH and LH's father and defendant's
> first cousin. Harris testified that AH told him that defendant touched
> her inappropriately. Harris then spoke with LH, who also stated that
> defendant had touched her inappropriately on more than one occasion.
> The next week Harris placed AH and LH in therapy, but did not file a
> police report until several weeks later. While monitored by police,
> Harris placed a "one-party consent" telephone call to defendant. During
> the telephone call, Harris asked defendant, "what did you do to my
> daughters," and defendant responded, "I touched them in their
> privates." AH testified defendant first touched her inappropriately
> when she was seven or eight years old. AH stated that, on more than
> one occasion, defendant placed his hand underneath her underwear and
> rubbed her "front private part ... in circular motions." Defendant would
> also place his hand on the inside of her shirt and rub her nipples. LH
> testified defendant touched her private parts more than once. LH
> described one instance where defendant touched her breasts and placed
> his hand on the inside of her underwear, placing his finger inside her
> vagina.

2

*People v. Messenger*, No. 348175, 2020 WL 5495280, *1 (Mich. Ct. App. Sept. 10, 2020).

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising claims concerning the effectiveness of trial counsel and the validity of the jury instructions, as well as a motion to remand for an evidentiary hearing. The court denied the motion to remand (without prejudice to a case panel determination). *People v. Messenger*, No. 348175 (Mich. Ct. App. Nov. 15, 2019), ECF No. 1-4, PageID.101. The court then reviewed the case, denied relief on the merits of the claims, and affirmed Petitioner's convictions. *Messenger*, 2020 WL 5495280 at *1-5. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Messenger*, 507 Mich. 901, 956 N.W.2d 199 (2021).

Petitioner thereafter filed his federal habeas petition asserting that trial counsel was ineffective for failing to investigate/call an expert witness on forensic interview of children and seeking an evidentiary hearing, habeas relief, and/or a certificate of appealability. ECF No. 1. Respondent filed an answer to the petition contending that it should be denied. ECF No. 6. Petitioner filed a reply to that answer. ECF No. 8.

3

## III.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal

courts must use when considering habeas petitions brought by prisoners

challenging their state court convictions and sentences. The AEDPA provides in

relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. '2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it

'applies a rule that contradicts the governing law set forth in [Supreme Court

cases]' or if it >confronts a set of facts that are materially indistinguishable from a

decision of [the Supreme] Court and nevertheless arrives at a result different from

[that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)

(quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)); *see also Bell v. Cone*,

535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of ' 2254(d)(1) permits a federal habeas court to grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. To find a state court's application of Supreme Court precedent 'unreasonable,' the state court's decision "must have been more than incorrect or erroneous. The state court's application must have been "objectively unreasonable."' *Wiggins*, 539 U.S. at 520-521 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's ruling that a claim lacks merit Aprecludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S.

5

63, 75 (2003)).   Pursuant to ' 2254(d), a habeas court "must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*.

Thus, to obtain federal habeas relief, a state prisoner must show that the state court's denial of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). A petitioner cannot prevail so long as it is within the "realm of possibility" that fairminded jurists could find the state court decision reasonable. *Woods v. Etherton*, 576 U.S. 113, 118 (2016).

Section 2254(d)(1) limits a federal habeas court's review to determining whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not

6

require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] casesBindeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of clearly established law are determined solely by Supreme Court precedent. Circuit precedent does not constitute clearly established federal law as determined by the Supreme Court and cannot provide a basis for federal habeas relief. *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam). Lower federal court decisions, however, may be useful in assessing the reasonableness of a state court's ruling. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)).; *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. ' 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-361 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.   Analysis

### A.   Effectiveness of Trial Counsel

Petitioner asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to investigate/call an expert witness on forensic interviews of children. Respondent contends that this claim lacks merit.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal.    *Id*.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id*. at 689. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

8

*Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id*. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and ' 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When ' 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

Petitioner raised this claim on direct appeal. The Michigan Court of Appeals

applied the *Strickland* standard and denied relief. The court explained in relevant

part:

> To preserve a claim of ineffective assistance of counsel, defendant must move in the trial court for a new trial or a *Ginther* hearing. *People v. Lopez*, 305 Mich. App. 686, 693; 854 N.W.2d 205 (2014). Because defendant neither moved the trial court for a new trial and the trial court did not hold a *Ginther* hearing, this issue is not properly preserved for this Court's review. *Id*. at 693.
>
> ***
>
> "Appellate review of an unpreserved argument of ineffective assistance of counsel, like this one, is limited to mistakes apparent on the record." *People v. Johnson*, 315 Mich. App. 163, 174; 889 N.W.2d 513 (2016).
>
> A defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. U.S. Const., Am. VI; Const. 1963, art. 1, § 20. This right to counsel encompasses "the right to the effective assistance of counsel." *People v. Vaughn*, 491 Mich. 642, 669; 821 N.W.2d 288 (2012), quoting *Strickland v. Washington*, 466 U.S. 668, 686; 104 S. Ct. 2052; 80 L. Ed. 2d 674 (1984). "However, effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *Schrauben*, 314 Mich. App. at 190. "To establish that a defendant's trial counsel was ineffective, a defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Id*. at 190. Under the first prong, the reviewing court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Vaughn*, 491 Mich. at 670. The second prong "requires this Court to determine whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*., quoting *Strickland*, 466 U.S. at 694.
>
> ***

10

"This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v. Rockey*, 237 Mich. App. 74, 76-77; 601 N.W.2d 887(1999). "The defendant 'bears the burden of demonstrating both deficient performance and prejudice[;] the defendant [also] necessarily bears the burden of establishing the factual predicate for his claim.'" *People v. Cooper*, 309 Mich. App. 74, 80; 867 N.W.2d 452 (2015), quoting *People v. Carbin*, 463 Mich. 590, 600; 623 N.W.2d 884 (2001).

Defendant first asserts counsel was ineffective for failing to consult with and call an expert witness to question the reliability of the forensic interviews AH and LH underwent. Defendant argues AH and LH did not allege penetration until after they underwent counseling sessions, and that an expert would have been able to discredit AH and LH's testimony at trial. In support of his argument, on appeal, defendant has provided a report from an expert who alleges he could have assisted defense counsel prepare for trial and would have testified that AH and LH's testimony was unreliable because they had undergone multiple interviews. However, the report from the expert defendant has attached to his brief on appeal was not part of the lower court record. An appellant is not permitted to expand the record on appeal. *People v. Nix*, 301 Mich. App. 195, 203; 836 N.W.2d 224 (2013). Even when addressed on the merits, however, defendant's argument still fails.

"An attorney's decision whether to retain witnesses, including expert witnesses, is a matter of trial strategy." *People v. Payne*, 285 Mich. App. 181, 190; 774 N.W.2d 714 (2009). "This Court will not second-guess counsel on matters of trial strategy ...." *People v. Rosa*, 322 Mich. App. 726, 742; 913 N.W.2d 392 (2018) (quotation marks omitted). "The failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v. Russell*, 297 Mich. App. 707, 716; 825 N.W.2d 623 (2012) (brackets omitted). "A substantial defense is one that could have affected the outcome at trial." *People v. Putman*, 309 Mich. App. 240, 248; 870 N.W.2d 593 (2015).

Defendant has not proven that trial counsel's failure to call an expert constituted deficient performance. Before trial, the prosecution filed a

11

notice of intent to call the Care House interviewer as an expert at trial. Defense counsel responded by filing a motion in limine to exclude the Care House interviewer's testimony, arguing the interviewer would improperly bolster AH and LH's credibility. The trial court granted defendant's motion in limine. If defendant's trial counsel had called an expert to attack the reliability of AH and LH's testimony, the prosecutor would have been able to call the Care House interviewer in rebuttal. Thus, defense counsel's decision to call an expert at trial would have been completely contradictory to defense counsel's strategy of precluding the prosecution from calling the Care House interviewer to testify. Moreover, the prosecutor again attempted to call the Care House interviewer as an expert after defense counsel attacked the credibility of Care House interview during opening arguments. Specifically, during opening arguments, defense counsel argued that the Care House interviewer influenced AH and LH into stating that defendant's abuse included penetration. After opening statements, the prosecutor attempted to call the Care House interviewer as a rebuttal witness to rebut defense counsel's opening statements. However, the trial court denied the prosecutor's request. Thus, defense counsel employed an effective trial strategy where he was able to attack the reliability of the Care House interviews, while commensurately precluding the prosecution from calling the Care House interviewer to rebut defense counsel's argument. Therefore, defendant has failed to demonstrate how his counsel's performance fell below an objective standard of reasonableness. *Schrauben*, 314 Mich. App. at 190.

In addition, there is nothing in the record to suggest the decision of defendant's trial counsel to not call an expert witness was not sound trial strategy, or that an expert witness would have been more successful at introducing to the jury questions regarding the reliability of allegations of penetration. Defense counsel could have reasonably concluded "the jury would react negatively to perhaps lengthy expert testimony that it may have regarded as only stating the obvious: memories and perceptions are sometimes inaccurate." *Cooper*, 236 Mich. App. at 658. Further, defense counsel questioned AH and LH regarding when they first claimed the penetration occurred on cross-examination. Overall, defense counsel was able, without the necessity of an expert witness, to present a defense for defendant on the basis of the reliability of the allegations of penetration and the credibility of the

witnesses. Defendant has failed to meet his burden to overcome the presumption that trial counsel's strategy was reasonable under the circumstances, and has provided no evidence that trial counsel's failure to call an expert witness denied him a substantial defense….

*Messenger*, 2020 WL 5495280 at *1-3 (footnote, text, and citations omitted).

The state court's denial of relief on this claim is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]  It is well-settled that defense counsel must conduct a reasonable investigation into the facts of a defendant's case or make a reasonable determination that such investigation is unnecessary. *Wiggins*, 539 U.S. at 522-523; *Strickland*, 466 U.S. at 691; *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). The duty to investigate "includes the obligation to investigate all witnesses who may have information concerning ... guilt or innocence." *Towns*, 395 F.3d at 258. The Supreme Court has noted that trial counsel's strategic decision regarding whether to hire an expert is entitled to a "strong presumption of reasonableness." *Dunn v. Reeves*, 594 U.S. 731, 739 (2021). This strong presumption recognizes that defense lawyers have limited time and resources, and so must choose from among a number of strategic options, and such decisions are particularly difficult because certain tactics run the

---

[1]While the Michigan Court of Appeals may have been mistaken about whether Petitioner moved for a remand (which he did and was denied), it nonetheless reviewed the ineffective assistance of counsel claim(s) on the merits based on the record before it. Consequently, the court's decision is subject to deferential review under § 2254(d). In any event, this Court would reach the same result under a de novo standard of review.

risk of harming the defense by undermining credibility with the jury or distracting from more important issues. *Id*.

Decisions as to what evidence to present and whether to call certain witnesses are presumed to be matters of trial strategy. When making strategic decisions, counsel's conduct must be reasonable. *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000); *see also Wiggins*, 539 U.S. at 522-523. The failure to call witnesses or present other evidence constitutes ineffective assistance of counsel only when it deprives a defendant of a substantial defense. *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Hutchison v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002).

In this case, trial counsel may have decided not to investigate or call an expert witness on forensic interviews of children because his strategy at trial was to prevent the Care House interviewer from testifying at trial and calling an expert witness would have caused the trial court to admit such testimony. Such a strategy was reasonable given that the Care House interviewer's testimony would likely have bolstered the victims' testimony.

Trial counsel may have also decided to challenge the victims' credibility and their version of events through cross-examination and common sense arguments about their recollections, rather than risk alienating or boring the jury with expert testimony. Such a strategy was reasonable. *See, e.g., Bower v. Quarterman*, 497

14

F.3d 459, 467 (5th Cir. 2007) ("An early formulation of trial strategy and a decision to attack the state's expert witnesses on cross examination rather than calling additional experts can be a part of a reasonable trial strategy."); *Henry v. Dave*, No. 4:07-cv-15424, 2010 WL 4339501, *9 (E.D. Mich. Oct. 25, 2010) (citing cases and denying habeas relief on similar claim).

Additionally, trial counsel may have decided that a such an expert would not be particularly helpful in this case because the victims were about 8 and 10 years old at the time of the charged incidents, 10 and 13 years old when they were reported, and 11 and 14 years old at the time of trial. Expert testimony finding that children can be influenced by interviewing techniques and are more susceptible to suggestion tends to concern preschool-age children. *See, e.g., Zacharko v. Harry*, No. 1:17-cv-501, 2018 WL 4693121, *6 (W.D. Mich. May 10, 2018) (magistrate judge's report citing Michigan case that excluded similar expert testimony and recommending denial of habeas relief), *report and recommendation adopted*, 2018 WL 3153572 (W.D. Mich. June 28, 2018); *Henry*, 2010 WL 4339501 at *2 (citing state trial expert testimony that tainting is more common with preschool-age children); *see also Kennedy v. Louisiana*, 554 U.S. 407, 443, *as modified* (Oct. 1, 2008), *op. modified on denial of reh'g*, 554 U.S. 945 (2008) (citing studies showing that young children, *e.g.* under 7 years old, can be susceptible to suggestion).

15

The fact that trial counsel's strategy was ultimately unsuccessful does not mean that counsel was ineffective. *See Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) ("an ineffective assistance of counsel claim cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken"). Trial counsel's strategy was reasonable under the circumstances of this case.

Moreover, Petitioner was not deprived of the right to present a meaningful defense because trial counsel was able to challenge the victims' credibility and recollection of events, including the issue of penetration, through cross-examination and common sense arguments arising from the victims' reports to their father, their participation in therapy, and their interviews with authorities. *See* 11/28/18 Trial Tr., ECF No. 7-5, PageID.1079-1107 (AH cross); 11/29/18 Trial Tr., ECF No. 7-6, PageID.1175-1193 (LH cross); 11/30/18 Trial Tr., ECF No. 7-7, PageID.1336-1364 (closing argument). Petitioner also testified in his own defense at trial. *See* 11/29/18 Trial Tr., ECF No. 7-6, PageID.1240-1280. Given such circumstances, it cannot be said that Petitioner was denied a meaningful defense. *See, e.g., Moreland v. Bradshaw*, 699 F.3d 908 (6th Cir. 2012) (court allowed to exclude part of child psychologist's testimony regarding suggestibility of "parentified" child); *Dorch v. Smith*, 105 F. App'x 650, 653 (6th Cir. 2004) (absence of identification expert not prejudicial where counsel was able to cross-examine identifying witness and present alibi witnesses); *Moore v. Tate*, 882 F.2d

16

1107, 1110-11 (6th Cir. 1989) (exclusion of eyewitness identification expert was not unconstitutional where counsel was able to cross-examine eyewitness). As another court has stated: "There is a recognized difference between failure to present a defense and failure to present testimony from an expert witness in support of a defense; criminal defendants have often been barred from presenting expert testimony that supports a particular defense." *Zacharko*, 2018 WL 4693121 at *7 (citing cases).

In sum, the record indicates that trial counsel made reasonable strategic decisions on the issue of expert testimony, challenged the victims' credibility, and presented a meaningful defense. Petitioner fails to establish that trial counsel was ineffective under the *Strickland* standard or that he was deprived of his right to present a defense. Habeas relief is not warranted on this claim.

## B.   Evidentiary Hearing

Petitioner also contends that the state courts erred in denying his request for an evidentiary hearing and seeks an evidentiary hearing on habeas review. Respondent contends that this claim/request lacks merit.

First, to the extent that Petitioner asserts that the state courts erred in denying his request for an evidentiary hearing (and/or erroneously believed that he failed to request one), he is not entitled to relief. A federal court may only grant habeas relief to a person who is "in custody in violation of the Constitution or laws

17

or treaties of the United States." 28 U.S.C. § 2254(a). Trial court errors in the application of state procedure or evidentiary law are not cognizable as grounds for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Such an evidentiary hearing claim is not cognizable on habeas review because it is a state law claim. *See Hayes v. Prelesnik*, 193 F. App'x 577, 584 (6th Cir. 2006) (citation omitted). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).

There is also no clearly-established Supreme Court law which recognizes a constitutional right to an evidentiary hearing on state post-conviction review. *Hayes*, 193 F. App'x at 584; *Simpson v. Barrett*, No. 16-CV-13909, 2022 WL 1019219, *7 (E.D. Mich. April 5, 2022) (citing cases and denying habeas relief on similar claim), *appeal dismissed sub nom. Simpson v. Campbell*, No. 22-1447, 2022 WL 3371880 (6th Cir. May 23, 2022); *Teneyuque v. Palmer*, No. 2:17-CV-13833, 2020 WL 1888828, *9 (E.D. Mich. April 16, 2020) (same). Petitioner fails to state a claim upon which habeas relief may be granted as to this issue.

Second, to the extent that Petitioner seeks an evidentiary hearing on federal habeas review, the Court finds that an evidentiary hearing is not needed for the

proper resolution of this case. Under the federal habeas rules, the Court may determine whether an evidentiary hearing is required after the answer and the state court record are filed. Rule 8, 28 U.S.C. foll. § 2254. Under the federal habeas statute, facts determined by a state court are presumed correct absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1). An evidentiary hearing is available under that provision only when the claim relies upon a new rule of constitutional law or a new factual predicate and the facts underlying the claim would show by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. § 2254(e)(2).

An evidentiary hearing under Rule 8 or 28 U.S.C. § 2254(e) is not necessary for the resolution of this case. The Michigan Court of Appeals ruled on the merits of the ineffective assistance of trial counsel claim(s), finding that trial counsel's performance was constitutionally sufficient. The current record before this Court is adequate to review the propriety of that decision. Moreover, the Supreme Court has made clear that federal habeas review under 28 U.S.C. § 2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Ballinger v. Prelesnik*, 709 F.3d 558, 562 (6th Cir. 2013) ("While allowing a petitioner to supplement an otherwise sparse trial court record may be appealing, especially where he diligently sought to do so in state court, the plain language of *Pinholster* and *Harrington*

19

precludes it."). Petitioner may not inject information that was not presented to the state courts into this case. He fails to show that an evidentiary hearing is needed, let alone required, under federal habeas law.

## V.    Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the habeas petition. The Court also **DENIES** the evidentiary hearing request.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. ' 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. ' 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal. This case is closed.

**SO ORDERED**.

Dated: July 25, 2025                    s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge